UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James M. Hart,

          Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 07-30 ADM/JSM

Aurora Loan Services, Inc. and
Wachovia Mortgage Corporation,

          Defendants.

---

P. Chinedu Nwaneri, Esq., Nwaneri & Associates, PLLC, St. Paul, MN, on behalf of Plaintiff.

Eric D. Cook, Esq., Wilford & Geske, P.A., Woodbury, MN, on behalf of Defendant Aurora Loan Services, Inc., and Bridget A. Sullivan, Esq., DLA Piper, Minneapolis, MN, on behalf of Defendant Wachovia Mortgage Corporation.

---

## I. INTRODUCTION

On May 4, 2007, oral argument before the undersigned United States District Judge was heard on Defendant Aurora Loan Services, Inc.'s ("Aurora") Motion to Dismiss [Docket No. 12], Defendant Wachovia Mortgage Corporation's ("Wachovia")[1] Motion to Dismiss [Docket No. 18] and Plaintiff James M. Hart's ("Hart") Motion to Amend/Correct Complaint [Docket No. 30]. For the reasons set forth herein, Defendants' Motions to Dismiss are granted and Hart's Motion to Amend/Correct Complaint is denied.

## II. BACKGROUND

In 1990, Plaintiff James M. Hart purchased a home located at 459 Geneva Avenue North, Oakdale, Minnesota, 55128. Compl. [Docket No. 1] ¶ 5. Hart's home was secured by a mortgage with First Union Mortgage Corporation ("First Union"). Id. ¶ 6. Wachovia, a

---

[1] Aurora and Wachovia are collectively "Defendants."

mortgage corporation, is the successor to First Union. Nwaneri Decl. [Docket Nos. 32, 34] ¶ 4. For a number of years, Hart regularly made monthly mortgage payments to Wachovia in the amount of $436. Compl. ¶ 7. On or about November 2, 1999, Wachovia transferred Hart's mortgage loan to Aurora, a mortgage corporation. Id. ¶ 8. Hart avers that neither Wachovia nor Aurora informed him of the transfer.[2] Id. Hart claims that he continued to send his monthly mortgage payments to Wachovia and that Wachovia occasionally forwarded his payments to Aurora. Id.

Aurora avers that it did not receive mortgage payments from Hart for July 1, 2000, and several months thereafter. Id. ¶¶ 10-11. On September 8, 2000, Aurora sent a letter to Hart, informing him that his mortgage loan was in default. McCann Aff. Ex. 5. On October 23, 2000, Aurora's attorney sent Hart a letter, informing him of commencement of foreclosure proceedings. Wilford Aff. [Docket Nos. 26-27] Ex. 1. On October 25, 2000, Aurora returned Hart's September 1, 2000, check, and advised Hart that his loan payment was returned because it was not sufficient to bring the loan current. Id. Exs. 7-8.

On November 17, 2000, Aurora recorded with the Washington County Recorder's Office a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage. Id. Ex. 2. On November 28, 2000, a process server posted a Notice of Mortgage Foreclosure on the front and back doors of Hart's home and also mailed Hart a copy of the Notice.[3] Id. Exs. 4-5. On

---

[2] Aurora avers that on October 19, 1999, it sent Hart a letter, informing him his mortgage had been transferred and how to make future payments to Aurora. McCann Aff. [Docket Nos. 24-25] Ex. 3.

[3] Attorney correspondence evidences that Hart saw the Notice posted on his home. Wilford Aff. Ex. 7.

January 4, 2001, a sheriff's sale of the property was held and the property was purchased by Mortgage Electronic Registration Systems, Inc. ("MERS"). Compl. ¶ 13; Wilford Aff. Ex. 3. On January 16, 2001, a Sheriff's Certificate of Sale and Foreclosure Record was recorded with the Washington County Recorder's Office. Wilford Aff. Ex. 3. On January 3, 2002, MERS assigned the Sheriff's Certificate of Sale to North Point Investments Corporation. Id. Ex. 6. On March 2, 2002, Hart was evicted from the property. Compl. ¶ 14. Aurora avers that on information and belief, the property is currently owned by Rubin Hunter and Cheryl Ford. Wilford Aff. ¶ 8. Hart filed the Complaint in the instant matter on January 3, 2007.

### III. DISCUSSION

**A.      Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Aurora and Hart have both submitted affidavits and exhibits to support their positions, and Wachovia has relied on the affidavits and exhibits in making some of its arguments. Because the Court considers matters outside the pleadings in resolving the instant Motions, the dismissal Motions are converted to ones for summary judgment. See BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003).

**B.    Requirements for Service by Publication**

Hart's claims are somewhat difficult to discern because Hart does not have a separate "Claims" section in his Complaint. From sections of his Complaint entitled "Facts" and "Reliefs Sought," some sense of what he claims can be inferred. In his initial Complaint, Hart avers that Aurora "failed to satisfy the requirements for service by publication." Compl. ¶ 12. Hart's Proposed Amended Complaint [Docket No. 30] omits the language regarding the requirements for service by publication. Accordingly, the Court considers any claim by Hart regarding the requirements for service by publication to be withdrawn. If Hart were still pursuing a claim

regarding the requirements for service by publication, it would be dismissed.

>Minn. Stat. § 580.20 states:
>
>No [foreclosure] sale shall be held invalid or be set aside by reason of any defect in the notice thereof, or in the publication or service of such notice, or in the proceedings of the officer making the sale, unless the action in which the validity of such sale is called in question be commenced, or the defense alleging its invalidity be interposed, with reasonable diligence, and not later than five years after the date of such sale.

Hart's property was sold on January 4, 2001. Hart did not commence the instant action until January 3, 2007. Accordingly, Hart did not commence this action within five years of the sale of his property, and the foreclosure sale is statutorily barred from being set aside by reason of any defect in the notice, its publication, or its service. Hart also did not exercise reasonable diligence in filing the instant suit. The record shows that Hart has consulted several attorneys regarding the foreclosure sale since January 2001, and could have commenced this action before the statutory bar took effect.

In addition, Minn. Stat. § 582.25 makes valid every foreclosure sale by advertisement one year after the last day of the redemption period despite certain enumerated objections. See also Minn. Stat. § 582.27. At most, Hart had twelve months from the date of the foreclosure sale to redeem his property. See Minn. Stat. § 580.23, subd. 2. Hart did not redeem his property by January 4, 2002. Pursuant to Minn. Stat. §§ 582.25 and .27, the foreclosure sale became legal and valid on January 4, 2003, despite certain defects that may have been present. Accordingly, Hart's claim regarding the requirements for service by publication, if still asserted, is untimely for this additional reason.

**C.     Fraud and Misrepresentation**

In his initial Complaint, Hart also alleges that "[Wachovia's] failure to forward Jimmie

5

Hart's mortgage payments to Aurora caused Aurora to foreclose on the Property and caused Jimmie Hart to suffer substantial injury and damage." Compl. ¶ 15.  This allegation fails to state a claim and does not "give [Wachovia] fair notice of what [Hart's] claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  The Court can not discern any other language in Hart's initial Complaint that can be construed as stating a particular cause of action that provides Defendants fair notice of the claims against them.  Accordingly, Defendants' Motions to Dismiss are granted.

In his Proposed Amended Complaint, Hart again fails to clearly set forth any claims, but appears to be attempting to set forth claims of fraud and negligence through language used in sections of the Proposed Amended Complaint entitled "Facts" and "Reliefs Sought."  With respect to Wachovia, Hart argues in his Proposed Amended Complaint that Wachovia "fraudulently concealed and converted his mortgage-payment checks," "impliedly misrepresented to Aurora that he was delinquent in his mortgage payments," and "negligently failed to credit the checks to Jimmie Hart's mortgage loan account or forward the same to Aurora." Proposed Am. Compl. ¶¶ 13, 15.  With respect to Aurora, Hart alleges in his Proposed Amended Complaint that Aurora "fraudulently misrepresented that he was in arrears in his mortgage payments to enable Aurora fraudulently or negligently [to] sell and dispossess Jimmie Hart of his property," "received Jimmie Hart's mortgage payment checks from Wachovia but negligently failed to credit the checks to Jimmie Hart's mortgage loan account," and "failed, neglected or refused to account" for all of the mortgage payment checks that it received.  Id. ¶¶ 12, 18, 20.  In his Memorandum of Law in Support of [His] Motion to Amend Complaint [Docket No. 42], Hart asserts that "The proposed amendment has clearly set out bases or theories

of Hart's claims against the defendants, to include but not limited to, fraud, misrepresentation, gross negligence, unlawful dispossession of real property, and personal injury." Mem. of Law in Supp. of Mot. to Am. Compl. at 7.

Rule 15(a) of the Federal Rules of Civil Procedure states that "leave [to amend a complaint] shall be freely given when justice so requires." A court may deny leave to amend when amendment would be futile. Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). The Court finds that it would be futile to allow Hart to amend his Complaint. Hart's Proposed Amended Complaint does not state any cognizable legal claim or set forth sufficient facts to support his allegations. Hart also fails to satisfy the heightened pleading requirements for claims of fraud. See Fed. R. Civ. P. 9(b); Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549-50 (8th Cir. 1997). Even if Hart did clearly state a claim for fraud or negligence, it would be barred by Minnesota's general, six-year statute of limitations.[4] Minn. Stat. § 541.05. Causes of action for fraud are deemed to have accrued upon "the discovery by the aggrieved party of the

---

[4] Hart argues that the applicable statute of limitations is contained in Minn. Stat. § 580.21, which states:

> No [foreclosure] sale shall be held invalid or set aside unless the action in which its validity is called in question be commenced, or the defense alleging its invalidity be interposed, within 15 years after the date of such sale . . . . This section shall not affect or prejudice the rights of any bona fide purchaser.

However, the 15 year statute of limitations is not the applicable statute of limitations because Hart is not challenging the foreclosure sale *per se*, but rather argues that Aurora and Wachovia negligently or fraudulently converted his mortgage checks, failed to forward his mortgage checks, or failed to apply his mortgage checks to his account. These actions sound generally in fraud or negligence, and therefore, the 6 year statute of limitations applies. Additionally, one of the remedies Hart seeks is the return of his property to him. The return of Hart's home is not a viable remedy because neither Wachovia nor Aurora possess or own Hart's home, and the record shows that Hart's home has subsequently been purchased by one or more bona fide purchasers. Wilford Aff. ¶ 8, Ex. 6.

facts constituting the fraud." Minn. Stat. § 541.05, subd. 1(6). The record reveals that Hart knew prior to January 3, 2001, that: (1) Aurora was servicing his mortgage loan, (2) his mortgage loan was considered to be in default and Aurora was not accepting his partial payments, and (3) a foreclosure proceeding was commencing. McCann Aff. Exs. 3, 5; Wilford Aff. Exs. 1, 4-5, 7-8. Accordingly, Hart's Complaint filed January 3, 2007, is untimely under the statute. There are also no genuine issues of material fact for trial. The record suggests that payments received by Wachovia were forwarded to Aurora. Nwaneri Decl. Ex. C; Supp. McCann Aff. [Docket Nos. 36-37] Ex. 1. The record also suggests that Hart did miss mortgage payments, and that Aurora lawfully refused to accept partial payments after Hart's loan was in default. Supp. McCann Aff. Ex. 1; Minn. Stat. § 580.30; First Trust Co. v. Leibman, 445 N.W.2d 547, 552 (Minn. 1989).

In sum, the Court's review of Hart's Complaint and Proposed Amended Complaint, along with the affidavits, declarations, and exhibits submitted by the parties, reveals that any amendment to the Complaint would be futile. Accordingly, Hart's Motion to Amend/Correct Complaint is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Aurora Loan Services, Inc.'s Motion to Dismiss [Docket No. 12] is **GRANTED**;

2. Defendant Wachovia Mortgage Corporation's Motion to Dismiss [Docket No. 18] is **GRANTED**; and

3. Plaintiff James M. Hart's Motion to Amend/Correct Complaint [Docket No. 30] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 21, 2007.